# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JARED A. MYNATT, | ) |
| | ) |
|         Petitioner, | ) |
| vs. | )   No.1:12-cv-722-TWP-MJD |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
|         Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Jared Mynatt ("Mynatt") for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

### Background

The pleadings and the expanded record in this action establish the following:

1.    Mynatt is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 11-09-109, wherein he was found guilty of having violated prison rules of conduct by committing assault/battery with bodily fluids.

2.    A conduct report was issued on September 23, 2011, reciting that Mynatt was told to hand over the shorts he was wearing to Officer B. Hurt, that Mynatt ran to his cell, removed and dipped his shorts in the toilet, and then threw the shorts at Officer B. Hurt. The shorts hit the front of Hurt's uniform. The front of the pants of his uniform was struck by a liquid which smelled like urine.

3.      After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on September 26, 2011, Mynatt was found guilty of the misconduct with which he had been charged. He was sanctioned.

### Mynatt's Claims

Contending that the proceeding described above is tainted by constitutional error, Mynatt seeks a writ of habeas corpus. Mynatt's specific contentions are that (1) he was denied evidence because (2) his case was "pre-determined."

### Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Carter was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the

opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Mynatt received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mynatt was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Mynatt's claims otherwise are unavailing here.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mynatt to the relief he seeks. Accordingly, Carter's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/20/2012 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jared A. Mynatt
DOC #120001
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Linda.Leonard@atg.in.gov